### W. C. CONNOR ET AL. v. T. H. SAUNDERS.

#### No. 497.

1. **Venue—Jurisdiction—Trespass.**—An employe, while working under the personal supervision of B., the superintendent of C. and O., received injuries resulting from negligence on B.'s part, for which injuries he brought suit against the three jointly, in the county where the injuries were received, but in which none of the defendants resided. *Held*, that the court had jurisdiction as against all defendants under the eighth exception to article 1198 of the Revised Statutes, the action being for a trespass committed.

2. **Plea in Abatement—Lis Pendens.**—Defendants pleaded in abatement, that another suit for the same cause of action was then pending in another county, and plaintiff by supplemental petition having alleged that such suit was filed subsequent to the filing of the one at bar, and was abandoned, the plea was correctly overruled.

3. **Knowledge of Vice-Principal Imputed to Principal.**—Where a superintendent, with authority to employ and control workmen, possesses knowledge necessary to the safety of such employes, the principal is chargeable with his failure to impart it to them.

4. **Trespass—Joint Liability of Employer and Vice-Principal.**—As B. was vice-principal of C. and O., they are responsible with him for the consequences of acts done by him within the scope of his employment, whether or not they were present and participated therein.

5. **Practice on Appeal—Assignments of Error.**—Assignments of error complaining of the action of the trial court in overruling a motion for new trial, on the ground that the verdict is contrary to the law and evidence as to defendants' plea to the jurisdiction; that the verdict is excessive, and is contrary to the evidence as to acts of negligence, are too general, under Rules 67 and 68 for the District Courts, to be considered, where the matters sought to be covered by them are set out in the motion for new trial in substantially the same general terms.

APPEAL from Grayson. Tried below before Hon. T. J. BROWN.

*G. G. Wright,* for appellants.—1. Where the foundation of a suit is not a crime, offense, or trespass, but simply an act of negligence done outside of the county where the defendants have their domicile, it constitutes no exception to the general rule, that a person is entitled to be sued in the county of his domicile. Railway v. Mangum, 68 Texas, 342; McRae v. McWilliams, 58 Texas, 328; Hubbard v. Lord, 59 Texas, 384; Hilliard & Hilliard v. Wilson & Blum, 65 Texas, 287.

2. In order to hold jurisdiction over the person of a resident of another county than his residence, in this State, under subdivision 8, of article 1198, Revised Statutes, all of the parties must have intended committing trespass from which the injury resulted, or participated in it in some manner. Robertson v. Ephraim, 18 Texas, 118; Russell v. Railway, 68 Texas, 646; Graham v. McCarty & Brown, 69 Texas, 323; Watson v. Baker, 67 Texas, 48; Railway v. Mangum, 68 Texas, 342.

3. An employe's knowledge of dangerous work not communicated by him to a subemploye, where the employe, by the exercise of ordinary diligence could have ascertained the danger of the work that he was called upon to perform, can not be the basis of cause of action against the appellants. Railway v. Welch, 10 S. W. Rep., 529; Wood's Mast. and Serv. sec. 438; Railway v. May, 15 Am. and Eng. Ry. Cases, 321.

4. The appellants can not be held liable for the knowledge of Brown as to what appellee knew or did not know about the dangerous work he was performing, they being fellow-servants in the common work. Railway v. McNamara, 59 Texas, 255; Railway v. McAtee, 61 Texas, 695.

5. Connor and Oliver could not be liable for a trespass committed by Brown outside of the scope of his authority in the construction of the waterworks. Golden v. Patterson, 56 Texas, 628; Dwyer v. Bassett & Bassett, 63 Texas, 274; Railway v. Welsh, 10 S. W. Rep., 529; Heldt v. Webster, 60 Texas, 207; McCosker v. Railway, 84 N. Y., 77.

*C. B. Randell,* and *W. W. Wilkins,* for appellee.—1. The act of Brown which caused the injury to appellee was one of commission and not of omission, and was a trespass within the meaning of the statute, and such an offense as would entitle appellee to sue in Grayson County. 1 Sayles' Civ. Stats., sec. 8, art. 1198; Connor v. Saunders, 81 Texas, 633; Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22; Hill v. Kimball, 76 Texas, 210; Cahn Bros. & Co. v. Bonnett, 62 Texas, 674.

2. Brown was in the employ of Connor and Oliver, and charged with the duty of constructing the waterworks, and by his negligent act, done in the course of his employment, appellee was injured. Connor and Oliver were therefore liable for the injury, as was also Brown, and Brown's said act of negligence being a trespass, within the meaning of the statute, whereby Brown was suable in Grayson County, and being sued in that county, Connor and Oliver could be joined in the suit. Moreover, the act of Brown was the act of Connor and Oliver, and the same liability attached to them as did to Brown, and appellee had the same remedy in all respects against them as he had against Brown. 1 Sayles' Civ. Stats., art. 1198, secs. 4, 8; Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22; Connor v. Saunders, 81 Texas, 633; Hill v. Kimbrough, 76 Texas, 210; Cool. on Torts, 533–538, 622–631; Cahn Bros. & Co. v. Bonnett, 62 Texas, 674.

FINLEY, ASSOCIATE JUSTICE.—Stated in substance, appellee alleged that W. C. Connor and T. J. Oliver, citizens of Dallas County, and F. O. Brown, a citizen of Tarrant County, composed an association or copartnership, and as such were engaged in the construction of waterworks in and for the city of Sherman, said Brown being placed in charge of the construction of said works; or, that if said Brown was not a member of said association or copartnership, said Connor and Oliver were its members, and said Brown was in their employment, and charged with the duty of superintending the construction of said works, and having authority to employ and discharge hands engaged in the work and serving under said Brown; that appellee was in the employment of said association or copartnership as a common laborer, and as such was engaged with and under the directions of said Brown in lowering into a well a pump pipe; that while so engaged, with instrumentalities which were not suitable for the purpose, said Brown knowingly, willfully, and intentionally did an act, known to him to be dangerous to appellee, which caused the injury complained of. The act of Brown alleged to have caused the injury is stated in the petition, as follows:

That said pump pipe was a contrivance constructed for and to be used in raising water from said well in the operation of said waterworks; the pump pipe was being lowered into its position in said well by means of a frame, pulley, windlass, rope, and other appliances constructed and used for that purpose by said association or copartnership; said frame being sixteen feet high, cone-shaped, and constructed

of wood, with pulley located near the top, the said windlass working in said frame by hand, and being located at a convenient distance from the ground on which said frame rested, said rope passing over said pulley and around the windlass, which was provided with cranks at each end to be used in working the same. That plaintiff was employed in and about putting said pump pipe into said well, being at the time in the service of said association or copartnership in the capacity of a common laborer. That plaintiff and defendant Brown were doing said work, said Brown being at the top of said well directing the process of said pump pipe being lowered into said well, and attending to said rope and chain, which was fastened about the middle of said pump pipe, the plaintiff being at one end of the windlass and working the same by means of the crank at the end which he held in his hands; and when said pump pipe had been lowered about one-half its length into said well, and after the part to which the chain was attached had reached about to the mouth of said well, said Brown, without notice or warning to plaintiff, and without plaintiff's consent, suddenly loosened said chain, which passed around the top of said pump pipe, and thereby caused said pump pipe to descend with great rapidity and force, until said collar, being at the upper end of said pump pipe, and a part thereof, reached the chain around said pump pipe, when the further descent of said pump pipe was suddenly stopped. That the descent of said pump pipe in the manner aforesaid, and the sudden stopping of it as aforesaid, wrenched the crank of said windlass from appellee's grasp and from the hand of said appellee, causing said windlass to revolve with great rapidity and force, causing said crank to strike plaintiff on the face with great force and violence, and also on his hands, breaking and mashing the bones of his face and hands, bruising and lacerating the flesh, muscles, veins, tendons, and nerves on his face and hands, breaking, misplacing, and destroying his teeth, injuring and greatly shocking his head, body and limbs, and otherwise seriously injuring plaintiff—said injuries being alleged to be serious, permanent, etc. It is further alleged, that plaintiff was unskilled and inexperienced in the kind of work he was engaged in, and did not understand the means and instrumentalities used for carrying on said work, and did not know whether they were safe or unsafe, but supposed they were safe, and acted upon that assumption, and the further assumption, that said Brown would act with care and caution in the performance of his duties in and about said work, and that he would do all things necessary to protect plaintiff from harm or injury. That the means used in and about said work were insufficient and unsuitable and dangerous, setting out the particulars wherein the appliances were unsuitable and insufficient. It is further alleged, that Brown knew the machinery was insufficient and dangerous, and that to loosen the chain, as was done by him, was dangerous to plaintiff, and would likely result in his death or serious bodily harm; and yet said Brown, acting for said association or copartnership, and in the

course of his employment, deliberately, willfully, and purposely loosened said chain with the instruments then being used by him for that purpose, regardless and indifferent to the danger it placed plaintiff in, and thereby caused said pump pipe to descend into said well in the manner alleged, causing the injuries to plaintiff alleged. That plaintiff was not injured by any act or omission of his, but charges that his said injuries were alone caused, immediately and proximately, by the act of said Brown in loosening said chain and thereby causing said pump pipe to descend into said well, as aforesaid.

Said Connor and Oliver, by joint plea, pleaded to the jurisdiction of the court, alleging and claiming their right to be sued in the county of their residence; and also, in abatement of the suit, for the reason that a similar suit was pending in Tarrant County; and said Brown, by separate plea, interposed like pleas to the jurisdiction of the court, and in abatement; and appellants jointly, and said Connor and Oliver separately from said Brown, excepted to the jurisdiction of the court; and all of the appellants demurred generally to appellee's petition, and jointly pleaded the general denial, and specially pleaded contributory negligence on the part of appellee, and that he and said Brown were fellow-servants.

Appellee by supplemental petition charged, that if a similar suit to this was filed in Tarrant County, it was filed after this one, and had been abandoned.

The exceptions to the jurisdiction of the court were overruled; the pleas to the jurisdiction were fully submitted to the jury, and they found against the pleas. On the merits, the jury found against all of the appellants, and assessed the damages at $3100.

The evidence established the fact, that Brown was not a partner with Connor and Oliver in the construction of the waterworks, and the court so instructed the jury. Each and all of the other material allegations of the petition herein above set out were proven upon the trial. It was also shown, that plaintiff was seriously and permanently injured, and that the damages sustained by him were fully as great as the amount of the verdict rendered for plaintiff. The evidence thoroughly established, that the injuries of plaintiff were the proximate result of the act of Brown in loosening the chain upon the pump pipe, and thereby causing it to suddenly and with great rapidity descend into the well, jerking the windlass out of plaintiff's hands, and causing him to be struck by the windlass. Brown testified himself, that he knew this act was dangerous when he did it, and that the plaintiff was in a position where he could not know what he (Brown) was doing, by reason of plaintiff's back being turned to him. Brown was the employe of Connor and Oliver, having full authority to direct, control, and manage the work, and to employ and discharge hands upon the work, and plaintiff was an employe under Brown. The act of Brown in loosening the chain upon the pump pipe, as he did, knowing the dangers to plaintiff attending such an act, was an act of willful and

reckless negligence, producing the injuries upon the plaintiff. The evidence fails to show that appellee was guilty of any negligence on his part contributing proximately to the injuries received by him; on the other hand, the evidence does not show that appellee exercised due care and caution under the circumstances, and that the act of said Brown solely is the cause of the injuries received by appellee.

*Opinion.*—Assignments numbers 1, 2, and 3 relate to the action of the court in overruling exceptions to plaintiff's pleadings. The propositions involved in these assignments will be considered with other assignments of error, and need not be noticed in their regular order.

The first question that is presented for the consideration of the court, and the serious question in the case, relates to the jurisdiction of the court in which the trial was had. Neither of the defendants were residents of Grayson County, and jurisdiction is claimed under the eighth exception of article 1198, Revised Statutes, which provides: "That where the foundation of the suit is some crime, offense, or trespass, the suit may be brought in the county where the crime, offense, or trespass was committed." The issue of jurisdiction was submitted to the jury under charge of the court, and the charge relating to that matter is complained of as erroneous. That part of the charge of the court is as follows: "Plaintiff sues to recover of the defendants damages for injury to his person alleged to have been received by him, the plaintiff, while in the defendants' employ, and alleged to have been caused by the negligence of the defendants in failing to furnish him with safe machinery and appliances with which to perform his labors as such employe; and also, that said injuries were occasioned by the negligence of defendant F. O. Brown in the manner in which he loosened a chain upon a pump pipe in order to lower said pump pipe into a well, and plaintiff being engaged in assisting said Brown in that work. Defendants plead, that they are not liable to be sued in Grayson County upon the alleged cause of action. The allegations of plaintiff's petition, and the undisputed evidence in the case, establish that neither one of the defendants resided in Grayson County at the date of the institution of this suit. The general rule is, that a citizen of this State can not be sued in any county save that of his residence. To this there are exceptions, one of which is, that where the cause of action is a trespass, the suit may be maintained in the county in which the trespass was committed.

"Your first inquiry will be as to whether or not the plaintiff can maintain this suit in this court against the defendants, which you will determine under the evidence and the following charges: 1. If you believe from the evidence that F. O. Brown was employed by defendants Connor and Oliver to superintend the construction of a system of waterworks in the city of Sherman, and that the said Brown, in his employment by said defendants, had the authority to employ and discharge hands serving under him in said work; and if you further be-

lieve from the evidence that the plaintiff was in the employ of the defendants, and engaged under the direction and control of the said Brown in the discharge of his duties in the work of constructing such waterworks for the defendants Connor and Oliver, and that it was a part of said work to put a pump pipe into a well, and that plaintiff was under the direction and control of said Brown, assisting him, the said Brown, to put in the said pump pipe, and that the plaintiff while engaged in the said work acted with due care, but that the said F. O. Brown, in putting in the said pump pipe, not acting with that degree of care that an ordinarily prudent man would have exercised in doing the like work in order to prevent the inflicting of injury, did a dangerous act, that he, the said Brown, knew to be dangerous to the safety of plaintiff, while plaintiff was engaged in discharging a duty as employe of the defendants, and which act the plaintiff did not know, and by the exercise of reasonable care could not have known to be dangerous; and if you further believe, that from the doing of the said act by the said Brown the plaintiff received an injury, such act of said Brown and the injury to plaintiff would constitute a trespass under the law, and the defendants, if liable for such injury, could be sued therefor in Grayson county; and upon defendants' plea to the jurisdiction of this court you will find for the plaintiff; but if you do not believe these facts have been established by the evidence, you will find for the defendants upon the said plea. If you find for the defendants upon the said plea, then you will return into court your verdict and proceed no further,'' etc.

The proposition urged under the assignment of error attacking this portion of the charge is as follows:   ''That part of the charge assigned as error was not applicable to the case made by appellants, and did not present the law of the case, and made Connor and Oliver liable to be sued in Grayson County for a trespass committed by an employe in that county, notwithstanding they resided in another county, and had nothing whatever to do with the trespass.''

We do not think the charge subject to the criticism made upon it. It was strictly applicable to the facts of the case, and charged the law, as we understand it, as it should have been applied to all of the defendants in the case.   The facts stated in the charge, which if the jury found to be true from the evidence they were authorized to base a verdict in favor of appellee, and the jurisdiction of the court, were acts of commission, of a dangerous tendency, intentionally committed by Brown, with full knowledge of the dangerous character of such acts.   Under the charge, in order to return a verdict in favor of appellee upon the plea to the jurisdiction, the jury were required to believe from the evidence that Brown was an employe of Connor and Oliver, that he was the superintendent of the works, having authority to employ and discharge persons, and that he did the act alleged, which was dangerous to the safety of appellee, and which he knew at the time of its commission was dangerous, and that such act resulted in injury and damage

to appellee. In other words, the jury were not authorized to find in favor of appellee upon the plea to the jurisdiction, unless the evidence established the fact that the injury for which compensation is sought in this suit was the proximate result of the act committed by Brown, knowingly and intentionally, which was of a dangerous character, and which he knew at the time was dangerous and liable to result in injury to appellee. They were not authorized to find in favor of the jurisdiction of the court, if they merely found from the evidence that the injury was the result of negligence on the part of Brown. We think the principles announced in the charge are clearly recognized by our Supreme Court as the correct criterion by which to determine the matter of jurisdiction under section 8, article 1198, Revised Statutes. Connor et al. v. Saunders, 81 Texas, 633; Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22; Hill v. Kimball, 76 Texas, 210; Cahn Bros. & Co. v. Bonnett, 62 Texas, 674.

It may be proper here to add, that the allegations of plaintiff's petition were not subject to the exceptions urged on the question of jurisdiction. On the former appeal, reported in 81 Texas, 633, it was held, that the allegations of the petition were such as to show that the court had no jurisdiction, and that the plea to the jurisdiction ought to have been sustained by the court below. The petition was amended before this trial, and the amended pleadings present a state of facts which appear to be recognized in the former opinion as sufficient to confer jurisdiction. The amended pleadings cured the frailty of the former pleadings, and brought the case, as we conceive, strictly within the rules as recognized on the former appeal. If the act of Brown was such a trespass as conferred jurisdiction upon the court as to him, then, if he was the employe and superintendent of Connor and Oliver, fully authorized to employ and discharge persons upon the work, and the act was committed within the scope of his authority, Connor and Oliver would be responsible for the consequences of his trespass, and the court having jurisdiction of one of the parties (Brown), it would also have jurisdiction of the others liable, regardless of the county of their residence. While discussing this feature of the case, we will here add, that every fact submitted by the court to the jury as necessary to justify a verdict in favor of appellee upon the plea of jurisdiction was fully and thoroughly established by the evidence.

The fourth assignment of error challenges the action of the court in overruling a plea in abatement, upon the ground that plaintiff had before the institution of this suit brought suit in the District Court of Tarrant County upon the same cause of action, and against the same defendants, alleging the residence of F. O. Brown to be in Tarrant County, Texas, which said suit was pending at the time of the institution of this suit; but on the trial of this suit, appellee, by supplemental petition, alleged, that if such suit was filed in Tarrant County, it was filed subsequent to this, and had been and was abandoned. This assignment of error was not well taken.

Sixth assignment of error: "The court erred in the fifth paragraph of the charge to the jury, as follows: 'But if you believe from the evidence that F. O. Brown, acting for the defendants Connor and Oliver in the work, was engaged with power to employ and discharge hands serving under him in said work, having the direction and control of plaintiff, put the plaintiff to work with dangerous machinery, or the performance of dangerous services in said employment; and if you believe that plaintiff did not know the dangerous character of the machinery, nor the dangerous character of such services; and if you further believe that said Brown knew of the dangerous character of the machinery, or the dangers attending said work; and that said Brown knew that plaintiff was ignorant of the same; and if you believe that the said Brown did not inform plaintiff of such danger, then the plaintiff would not be charged with knowing of such danger.'"

The proposition urged under this assignment is as follows: "An employe's knowledge of dangerous work, not communicated by him to a subemploye, where the employe by the exercise of ordinary diligence could have ascertained the danger of the work that he was called upon to perform, can not be the basis of a cause of action against the appellants."

Brown, the superintendent of the work, stood in the relation to persons employed by him upon the work, as principal. The control, direction, and management of the work had been committed to him by Connor and Oliver, and as to all persons working under his direction and control, he occupied the position of master—his acts were the acts of the master, and for all of his acts done within the scope of his employment the principals, Connor and Oliver, were liable. Not only were his acts chargeable to his principals, but his knowledge is by law attributed to them also. It is not the case of a mere employe possessing knowledge which he does not impart to a coemploye; it is the case of a principal acting through a superintending agency possessing knowledge necessary for the safety of the employe, and not imparting it to him. In portions of the charge not quoted in the assignment, the court clearly instructed the jury, that if the plaintiff could have discovered the danger in time to avoid the injury by the exercise of such care and prudence as an ordinarily prudent person would have exercised under like circumstances, he could not recover. The assignment is not well taken.

The seventh assignment objects to the charge of the court, and embraces the same principles involved in the sixth assignment, contending, that the knowledge of Brown can not be imputed to his principals, Connor and Oliver. This assignment is not tenable.

The eighth assignment complains of the charge of the court, and the proposition urged thereunder is, that Connor and Oliver can not be liable for a trespass committed by Brown outside of the scope of his authority in the construction of said waterworks. This proposition may be conceded; but the charge of the court nowhere authorizes the

jury to hold Connor and Oliver responsible for any act done without the scope of Brown's authority. The real contention of appellants here is, that Connor and Oliver would not be liable, unless they had expressly authorized Brown to commit an injury upon the appellee. As before shown, this proposition is not tenable. If Brown occupied the position of vice-principal to his employes, appellants are responsible for the consequences of his acts done within the scope of his employment, and the fact that they were not present participating in the act of their superintendent, Brown, in no degree relieves them from liability.

The ninth and tenth assignments of error are based upon the proposition that Connor and Oliver can not be made liable, unless it be shown that Brown was a partner with them in the business. For the reasons above stated, these assignments are not meritorious.

The eleventh, twelfth, thirteenth, and fourteenth assignments of error complain of the action of the court in overruling the motion for new trial, based upon the ground that the verdict was contrary to the law and evidence as to defendants' plea to the jurisdiction; that the verdict was excessive, and contrary to the charge; that the verdict was contrary to the evidence as to acts of negligence, etc.

These assignments are not proper to be considered, because the subject matter upon which they are based is not set out in the motion for new trial in conformity with Rules 67 and 68, Courts of Civil Appeals. Rule 68 provides: "Grounds of objections couched in general terms— as that the court erred in its charge, and in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to the law, and the like—shall not be considered by the court."

The matters sought to be covered by these assignments are set out in the motion for new trial, as follows: "5. Because the verdict of the jury is excessive, and contrary to the charge. 6. Because the verdict is directly contrary to the evidence, and against the law. 7. Because there were no facts upon which to base a judgment against Connor and Oliver."

These grounds of the motion for new trial are not sufficiently set out to form the basis of the assignments, and we decline to consider them. If the assignments were proper for consideration, they are not sustained by the record, and would be held without merit.

There are no other assignments presented for our consideration, and finding no fundamental error in the record, the judgment will be affirmed.

*Affirmed.*

Delivered October 17, 1894.