MINCHEW et al. v. CASE et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 28, 1912.)

1. ABATEMENT AND REVIVAL (§ 8*)—ANOTHER ACTION PENDING—ACTION ON JUDGMENT AND BILL TO REVIEW JUDGMENT.

A pending suit to recover upon a judgment against a guardian and the sureties on his bond, in which, though notified, the guardian did not appear, is not abated by the guardian's bill to review such judgment, where the plea in abatement does not show that the guardian was unable to present his answer, or to appear and defend as to his guardianship.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–72; Dec. Dig. § 8.*]

2. GUARDIAN AND WARD (§ 180*)—LIABILITY ON BOND—ESTOPPEL.

In an action upon a judgment against a guardian and the sureties on his bond, where it appears that he had taken charge of the estate and administered it for 10 years, reporting to the court at different times without questioning the validity of his appointment, the guardian and his sureties are estopped from attacking the validity of the orders approving his bond, his reports, etc., on the ground that the county judge was disqualified.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 180.*]

3. GUARDIAN AND WARD (§ 182*)—LIABILITY ON BOND—ACTION—EVIDENCE.

In an action upon a judgment against a guardian and the sureties on his bond, where the judgment was valid on its face, and there was no plea attacking its validity, and where there had been a change of county judges before the guardianship had closed and at the time the court rendered such judgment, the judgment rendered by the county court was properly admitted, over objection that the judge who had appointed defendant guardian had been disqualified.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 182.*]

4. GUARDIAN AND WARD (§ 182*)—LIABILITY ON BOND—ACTION—EVIDENCE.

In an action on a judgment against a guardian and the sureties on his bond, where defendants were estopped from attacking the validity of the judgment, because the judge appointing defendant guardian was disqualified, evidence tending to show such disqualification was properly excluded.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 182.*].

5. JUDGMENT (§ 486*)—COLLATERAL ATTACK.

A valid judgment cannot be collaterally attacked by evidence tending to disprove that such judgment was rendered.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 486.*]

6. JUDGMENT (§ 640*) — CONCLUSIVENESS — MATTERS CONCLUDED.

A judgment against a guardian and the sureties on his bond, rendered by a probate court of competent jurisdiction, showing that the guardian had been duly cited, and in all respects regular on its face, is conclusive of the matters therein adjudicated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1154; Dec. Dig. § 640.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Olah Case, for herself and as next friend of Edgar Case, a minor, against F. L. Minchew and his sureties on a guardian's bond. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. Pat Coon, C. M. Crumbaugh and Ed. R. Bumpass, for appellants. Joel R. Bond, for appellees.

RAINEY, C. J. Olah Case, for herself and as next friend of Edgar Case, a minor, brought this suit in the district court of Kaufman county against F. L. Minchew and his sureties on a guardian's bond to recover the amount of a judgment, rendered in their favor by the probate court of Kaufman county, in the settlement of the guardianship of Olah Case, Ophius Case, and Edgar Case.

Minchew and only one of his bondsmen, Lyons, answered by plea in abatement general denial, and specially setting out an account of his guardianship, showing the disposition of property, receipts, and disbursements, etc. Plaintiffs excepted to the plea in abatement and the special answer, which attempted to set off plaintiffs' cause of action with credit, etc., which exceptions were sustained. A jury was waived, and a trial by the court resulted in a judgment in favor of appellees, and appellants appeal.

Conclusions of Facts.

We adopt the trial court's conclusions of facts, as follows:

"(1) June 30, 1900, F. L. Minchew filed in the county court of Kaufman county, Tex., his application, in due form, to be appointed guardian of the estates of Olah, Edgar, and Ophius Case.

"(2) August 17, 1900, the county court of Kaufman county made and entered an order appointing F. L. Minchew guardian of the person and estate of Olah, Edgar, and Ophius Case, fixing his bond at the sum of $4,000, and appointing appraisers as required by law.

"(3) September 11, 1900, F. L. Minchew filed in the office of the county clerk of Kaufman county his bond, in words and figures

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

as follows: 'Know all men by these presents, that we, F. L. Minchew, as principal, and J. C. Lyons, Kinch Lindsey, R. L. Hall, and M. G. Bobbett, as sureties, are held and firmly bound unto the county judge of Kaufman county, Texas, in the sum of $4,000.00, conditioned that the said F. L. Minchew, who has been appointed guardian of the persons and estate of Olah, Edgar and Ophius Case, minors, by the county court of said county, will faithfully discharge the duties of guardianship of the persons and estate of said Olah, Edgar and Ophius Case. Given under our hands this 8th day of September, 1900.' Which said bond was signed by F. L. Minchew, J. C. Lyons, Kinch Lindsey, R. L. Hall, and M. G. Bobbett, and was approved on the 11th day of September, 1900, by J. D. Cunningham, county judge of Kaufman county, Texas. At time of the filing of the bond, F. L. Minchew also filed his oath as guardian, in due form, and an order was duly made by the probate court of Kaufman county, Texas, on September 11, 1900, approving the said oath and bond, and ordering same to be recorded.

"(4) September 11, 1900, the appraisers appointed by the county judge of Kaufman county filed in said court their inventory and appraisement of the estate of said minors Olah, Edgar, and Ophius Case, which inventory and appraisement was approved by an order upon the minutes of said court, and ordered recorded.

"(5) All of the foregoing orders, made in the estate of Olah, Edgar, and Ophius Case, in the county court of Kaufman county, were made by J. D. Cunningham, who was the duly elected and qualified county judge of Kaufman county, Texas.

"(6) On July 18, 1910, the county court of Kaufman county rendered a judgment in the matters of the estate of Edgar Case and Olah Case, minors, which said judgment is as follows:

"'In the estate of Edgar Case and Olah Case, minors. In the county court of Kaufman county, Texas, sitting in matters of probate, July 18, 1910. Be it remembered, on this day the above numbered and styled cause came on to be heard the application of the minors, Olah Case and Edgar Case, to have their guardian, F. L. Minchew, removed from the guardianship of the person and estate of the said wards, and to show cause why he should not pay over to the said wards and the registry of this court the funds belonging to said wards now in his hands, and it appearing to the court that the said guardian, F. L. Minchew, was duly and legally cited upon the filing of said application in the form and manner as required by law, and the court, after hearing the said application, finds that the court has heretofore, to wit, November 17, 1908, made and entered orders requiring the said guardian to make report showing the condition of the said estate, and that the said

guardian was legally notified of the action of the court on the said orders, and had failed and refused to comply with the said orders, and the court, after hearing all the evidence, finds that one of the wards (Ophius Case) of the said guardian has long since been deceased, and that the said guardian has failed and refused to close the said estate; and that Edgar Case and Olah Case are heirs, and only heirs of the said Ophius Case. And the court further finds that the ward, Olah Case, has reached her majority, she is more than 21 years of age, and that the said guardian has failed and refused to make full and satisfactory settlement of the estate belonging to the said Olah Case; that the court further finds that the said guardian, F. L. Minchew, is due the said ward, Olah Case, the sum of $1,639.50, and to Edgar Case the sum of $1,639.50; and that the said guardian has been ordered and cited by the court that he pay unto the said Olah Case the said amount due her, and to the registry of the court the amount due the said minor, Edgar Case. It is therefore ordered, adjudged, and decreed by the court that the said guardian, F. L. Minchew, be and he is hereby discharged as guardian of the person and estate of Olah Case, Edgar Case, and Ophius Case, and he is hereby ordered to pay unto the said Olah Case the sum belonging to her in his hands, and to the registry of this court the amount due Edgar Case. It is further ordered and decreed by the court that the amount due the said Olah Case by the said guardian, F. L. Minchew, is hereby adjudged to be $1,639.50, and to Edgar Case the sum of $1,639.50.'

"In accordance with the said judgment, I find that the defendants are indebted to the plaintiff Olah Case in the sum of $1,639.50, and to Edgar Case in the sum of $1,639.50.

"(7) That J. D. Cunningham, who approved the bond and inventory, and made the orders in cause No. 980, in which cause F. L. Minchew was appointed guardian of Olah, Edgar, and Ophius Case, in the probate court of Kaufman county, held, at the time of the making of the orders, the office of county judge of Kaufman county, and at the time of the making of the orders held two notes, aggregating $52, and some odd cents against Sarah Hart, who was the mother of the minors, and who was then dead, and whose estate descended to said minors, and the estate of said minors was alleged to be charged with said debt; and that the said J. D. Cunningham did file and prove and swear to said notes as a legitimate charge against the estate of said minors; and that the defendant F. L. Minchew approved the same."

### Opinion.

[1] The action of the court in sustaining plaintiffs' exception to defendants' plea in abatement is assigned as error. Plaintiffs' cause of action is to recover upon a judgment rendered by the probate court against

the appellants, adjudging the indebtedness of F. L. Minchew, as guardian of appellees, at the date of his discharge, July 18, 1910. This suit was filed on November 7, 1910. Minchew was served with citation November 10, 1910. On December 15, 1910, appellants filed in the county court of Kaufman county a bill, seeking to review the judgment rendered against Minchew, and the one upon which this suit is based. The plea in abatement was, on December 15, 1910, filed in this cause. Said plea sets forth the bill to review the said judgment in the county court, and the grounds upon which it was founded.

The bill of review was filed in the county court after this suit was brought in the district court; and it is settled in this state that an action will not be abated on the ground of the pendency of another suit, subsequently filed, involving the same parties and subject, unless some equitable reason is shown therefor. Connor v. Saunders, 9 Tex. Civ. App. 56, 29 S. W. 1140; Garza v. Jesse French P. & O. Co., 126 S. W. 906; Milling Co. v. Gin Co., 132 S. W. 856; Insurance Co. v. Hargus, 99 S. W. 580; Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315. Although Minchew was cited to appear and answer the proceedings in the probate court, he did not appear and answer; nor does he in his bill of review, which is made an exhibit to the plea in abatement, show any legal reason why he did not appear, or any excuse why he did not file a motion for a new trial and show grounds for not appearing. He alleges that in 1906 he was stricken with a deadly disease, and remained ill for three or four years, and was unable to attend to business, but does not show that on July 18, 1910, when the judgment in the county court was rendered, he was unable to present his answer, or was unable to appear and make a showing of his trusteeship. Under the circumstances, we are of the opinion the court did not err in sustaining the exceptions to the plea in abatement. Kruegel v. Cobb, 124 S. W. 723, and authorities cited.

[2] Objection was made to the introduction of the orders of the probate court, appointing Minchew guardian, approving his bond as such, appointing appraisers and approving their report, etc., for the reason that the then county judge was disqualified; he holding claims against the guardianship estate, which rendered said orders void. This suit is based upon a guardian's bond, executed by Minchew and sureties, which recites his appointment and his obligation to faithfully discharge the duties of such guardianship. He took charge of the estate and administered it for 10 years, reporting to the court at different times, not questioning the validity of his appointment, but pleaded here his appointment as guardian, and he and his bondsmen are estopped from now attacking its validity. Portis v. Cummings, 21 Tex. 266; Parker v. Campbell, 21 Tex. 763; 15 Am. & Eng. Enc. Law (2d Ed.) 122; Martin Brown Co. v. Perrill, 77 Tex. 199, 13 S. W. 975; 21 Cyc. 223–246.

[3] Objection was made to the introduction in evidence of the judgment rendered by the probate court July 18, 1910, in the matter of the guardianship of Olah Case et al., on the ground that the judge appointing Minchew guardian and approving his bond was disqualified; therefore all orders thereafter made in said cause were void, the court being without jurisdiction. The judgment was valid on its face, and there was no plea attacking its validity. There was a change of judges long before the guardianship was closed; and at the time the court rendered judgment in question the presiding judge was not disqualified, but was in every way qualified to act in the premises.

[4] There was no error in refusing to admit evidence tending to show the disqualification of J. D. Cunningham, the judge who appointed Minchew as guardian and approved the bond, as appellants were not in an attitude to attack the validity of the bond, as we have before stated.

[5] There was no error in not admitting parol testimony tending to disprove the judgment rendered July 18, 1910, as a valid judgment cannot be collaterally attacked.

[6] The judgment rendered by the probate court of Kaufman county was rendered by a court of competent jurisdiction. The judgment shows that Minchew was duly cited, and on its face was perfectly regular; therefore it is conclusive of the matters therein adjudicated. Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744; Hornung v. Schramm, 22 Tex. Civ. App. 327, 54 S. W. 615; Weems v. Masterson, 80 Tex. 45, 15 S. W. 590; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Holland v. Ferris, 107 S. W. 102; Id., 102 Tex. 177, 114 S. W. 346; Edwards v. Gates, 120 S. W. 585.

We have considered all assignments herein presented and not herein alluded to, but find none well taken.

The judgment is affirmed.