## GALVESTON, H. & S. A. RY. CO. v. SHORT.

(Court of Civil Appeal of Texas. San Antonio. Jan. 21, 1914. On Motion for Rehearing, Feb. 18, 1914.)

1. CARRIERS (§ 380*)—PASSENGER'S ACTION FOR EJECTION—SUFFICIENCY OF PETITION.

A petition alleging that plaintiff purchased a ticket beyond the division, boarded the train, surrendered his ticket to an agent of defendant before the train reached the division line, that it was not his fault that he had no ticket showing his right to continue his passage to destination, that, although he explained the matter, the conductor intimated that he was trying to cheat the company, and in an abusive and insulting manner put him off the train, whereupon he tendered the fare, but was not permitted to board the train until he paid a greater

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

amount under protest, was good as against a general demurrer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1464–1466, 1469, 1470, 1472; Dec. Dig. § 380.*]

2. CARRIERS (§ 380*)—PASSENGER'S ACTION FOR EJECTION—SUFFICIENCY OF PETITION—DAMAGES.

Such petition concluding with a prayer for $900 actual damages, of which $1.05 was the overcharge paid defendant, and the remainder for damages as set out in the petition, sufficiently alleged damages beyond the overcharge.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1464–1466, 1469, 1470, 1472; Dec. Dig. § 380.*]

3. CARRIERS (§ 384*)—ACTION FOR EJECTION—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In a passenger's action against a railroad for damages for ejection, a charge failing to negative plaintiff's right to recover if he was negligent in failing to buy another ticket, after surrender to an employé, who negligently failed to return to plaintiff that part entitling him to passage beyond the end of the division, was not erroneous where it did not exclude that defense, which was submitted later in the charge.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1497–1500; Dec. Dig. § 384.*]

4. CARRIERS (§ 384*)—ACTION FOR EJECTION—INSTRUCTIONS—POSSESSION OF TICKET.

In such action, a charge that one of defendant's employés might not deprive plaintiff of his ticket, which the conductor had the right to examine or collect, and that the conductor, though ignorant of its surrender, save for plaintiff's explanation, could not eject plaintiff on refusing to produce a ticket or pay his fare, was objectionable as tending to lead the jury to believe that, if plaintiff delivered his ticket to an employé not authorized to receive it, the conductor, after his explanation, could not eject him.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1497–1500; Dec. Dig. § 384.*]

5. CARRIERS (§ 370*)—PERSONS AUTHORIZED TO TAKE TICKETS—STATUTE.

Under Rev. St. 1895, arts. 4503, 4504, providing that no conductor or ticket collector without a designated badge on his hat or cap shall demand or be entitled to receive any ticket, a passenger delivering his ticket to an employé without such badge voluntarily takes the risk that such employé was not authorized to receive it, and is not excused from producing it when demanded by proper authority.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1459; Dec. Dig. § 370.*]

6. CARRIERS (§ 370*)—EJECTION—TICKETS—NOTICE AS TO TERMS.

A passenger receiving a ticket in two parts was chargeable with notice that it was necessary for him to have the part calling for the last part of the passage in order to complete his journey.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1459; Dec. Dig. § 370.*]

7. CARRIERS (§ 370*)—TICKET—SURRENDER.

A passenger entering the train with a good ticket, and giving it to an employé, who was authorized to take it, but was required to return a part thereof, may stand upon his right to remain upon the train until carried to his destination, and need not anticipate that the employés will not protect him in such right.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1459; Dec. Dig. § 370.*]

8. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error merely asserting that the court erred in overruling a motion for a new trial, because "the verdict of the jury was not supported by the evidence, and is contrary to the law and the evidence," and because it is excessive, based upon paragraphs of the motion for new trial equally general, were too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

On Motion for Rehearing.

9. CARRIER (§ 384*)—EJECTION OF PASSENGER—INSTRUCTIONS.

In an action against a carrier for ejection of a passenger, an erroneous charge that, if plaintiff negligently delivered his ticket to a person not authorized to receive it, and who did not return it to him, the employés of defendant had the right to request him to leave the train, and, upon his refusal, to eject him, was calculated to lead the jury to believe that an unauthorized employé was meant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1497–1500; Dec. Dig. § 384.*]

10. PLEADING (§ 432*)—INSUFFICIENCY—EFFECT OF SPECIAL EXCEPTION.

Failure of the petition to allege necessary facts, thereby rendering it subject to special exception, will not excuse plaintiff from proving such facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1442–1450, 1485; Dec. Dig. § 432.*]

11. CARRIERS (§ 380*)—EJECTION OF PASSENGER—ANSWER—CONSTRUCTION.

A special answer, in an action against a carrier for ejection, to the effect that, if plaintiff bought a ticket between two points, one part was detached and retained by defendant's servant, and the other returned to plaintiff, and, if he did not present it to the conductor, it was his own fault, as he had either lost or misplaced it, could not be construed as an admission that the ticket was delivered to an agent authorized to receive it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1464–1466, 1469, 1470, 1472; Dec. Dig. § 380.*]

Appeal from Seguin County Court; J. M. Woods, Judge.

Action by H. E. Short against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Emil Mosheim, of Seguin, for appellant. H. M. Wurzbach, of Seguin, for appellee.

MOURSUND, J. H. E. Short sued the Galveston, Harrisburg & San Antonio Railway Company, alleging that on June 5, 1912, he purchased from the agent of said company at Uvalde a ticket for passage from that town to Seguin, Tex., and upon the same day boarded defendant's train, and surrendered his ticket to the servant and agent of the company before the train arrived at San Antonio, Tex., and that it was no fault of plaintiff's that he was without evidence showing the payment of his fare, and of his being entitled to a continuous passage to Seguin, Tex.; that some time before the train arrived at Marion the conductor in charge of defendant's train demanded of plaintiff his ticket or the fare, whereupon plaintiff explained fully his purchase of the

ticket and its surrender while sitting in the observation car; ·that the conductor replied in substance that such explanation did not go with him, and that there had been no observation car on said train between Uvalde and San Antonio, and plaintiff would either have to pay his fare or get off the train; "that said conductor, in making said remarks, intimated that plaintiff was not telling the truth about having paid his transportation, and intimated and insinuated that plaintiff was dishonest, and was trying to defraud the railroad company;" that the conductor acted in a haughty, abusive, and insulting manner, and his statements were made in the hearing of the passengers, and caused plaintiff great mental. anguish, humiliation, and shame; that when the train neared Marion the conductor came to plaintiff a second time, accompanied by a negro porter, and informed plaintiff that, unless he paid his fare, he would be put off at Marion, whereupon plaintiff again told said conductor of the payment of his fare, and showed a grip check as evidence thereof, and that he had surrendered his ticket to the agents of the company; that thereupon the conductor took plaintiff by the arm and, accompanied by the negro porter, marched him off the train; that plaintiff, before being put off, tendered the conductor 50 cents, which amount was more than the fare from Marion to Seguin, requesting to be carried to Seguin, which tender was refused, and plaintiff was put off the train, and not permitted to board the same until he agreed to pay $1.05, which he paid under protest; that he informed the conductor he had only $1.05, and needed some of that to get home, but the conductor was obdurate and insisted upon payment of said amount before he would permit plaintiff to continue on his journey. Plaintiff prayed for $900 actual damages, of which $1.05 was for amount of overcharge paid defendant, and the remainder for damages as set out in the petition.

Defendant answered by general demurrer, two special exceptions, a general denial, and a special answer, to the effect that San Antonio was the end of a ' division, at which place the train crew is changed upon trains arriving from Uvalde, which was well known to plaintiff, and tickets from Uvalde to Seguin consist of two parts, but not separated, and when taken up by the conductor between Uvalde and San Antonio only that part is detached which entitled the holder to passage from Uvalde to San Antonio, and the remainder of the ticket is returned to the passenger to be presented to the crew in charge of the train from San Antonio to Seguin, and, if plaintiff purchased a ticket on June 5, 1912, one portion thereof was detached and retained by defendant's servants, and the other returned to plaintiff, and it was plaintiff's fault that he did not present same to the conductor en route from San Antonio to Seguin; that, if he did not possess it, he

had lost or misplaced it, and was required under the law to pay the regular fare from San Antonio to Seguin; that, if in fact the ticket was presented to a servant of defendant, as alleged by plaintiff, and such servant refused or negligently failed to return the part entitling plaintiff to passage from San Antonio to Seguin, plaintiff could not take advantage of the negligence of such servant or excuse himself from not securing such portion of said ticket or another ticket, and plaintiff was guilty of contributory negligence in failing to take such steps, which bars him from recovering any damages except $1.05 overcharge.

The trial resulted in a verdict and judgment for plaintiff for $200. Defendant appealed.

[1] By the first assignment of error complaint is made because the general demurrer was not sustained. We are of the opinion that the petition was sufficient as against a general demurrer. The assignment is overruled.

[2] By the second assignment complaint is made because defendant's first special exception was overruled. The exception was to the effect that the petition contained no allegation of damages beyond the overcharge of $1.05, wherefore defendant prayed that the plaintiff's prayer for the sum greater than said amount be stricken out. The petition contains no express statement that, by reason of his ejection from the train and the alleged insults accompanying same, he was damageu in the sum of $898.95; but the prayer is so worded that it amounts to an allegation that, by reason of the matters stated in the petition, plaintiff suffered actual damages to the amount of the difference between $900 and the $1.05 paid defendant by plaintiff. The pleading is awkwardly drawn in this respect; but we think the same was sufficient.

The third assignment is without merit, and is overruled.

[3] The fourth assignment is also without merit. It is true that the portion of the charge objected to fails to negative plaintiff's right to recover, if the jury finds that plaintiff was guilty of contributory negligence in failing to buy another ticket; but it does not exclude the defense that plaintiff may have delivered his ticket to a person not authorized to receive the same, and such defense is expressly thereafter presented in the charge, and the correctness of such presentation is assailed by an assignment of error. The question whether the court should have submitted the issue whether plaintiff was guilty of contributory negligence in failing to buy another ticket is raised by an assignment complaining of the refusal of a special charge, and will be hereinafter discussed.

[4] By the fifth assignment complaint is made of the following part of the charge: "You are charged that one employé of the

defendant may not, for any reason, deprive plaintiff of his ticket, or the evidence thereof, which another employé has the right to examine or collect; that another employé, although ignorant of the transaction, save for the explanation given by plaintiff, may not eject the plaintiff from the train upon his failure to produce a ticket or pay his fare." In the assignment several objections are urged to this language; but the only proposition accompanying the same urges the objection that it lays down the rule that the conductor must under all circumstances accept the explanation or verbal statement of the passenger to the effect that he purchased a ticket, and the circumstances of its disappearance. The charge was incorrect, in that it was calculated to lead the jury to believe that, if plaintiff delivered his ticket to an employé not authorized to receive same, and explained to the conductor how he came to be without a ticket, the conductor had no right to eject him. The assignment is sustained.

[5] The sixth assignment complains of the charge of the court, in that it provided that, if plaintiff, by reason of want of reasonable and ordinary care, delivered his ticket to a person not authorized to receive the same, after which it was not returned to him, the employés of defendant had the right to request plaintiff to leave the train, and upon his refusal so to do to eject him. The contention is that, if plaintiff delivered his ticket to a person not authorized to receive it, he would not be excused from the production thereof, and that the court should have so charged. We sustain this contention. Plaintiff did not show any facts excusing the delivery of his ticket to the employé who took it up. He admitted that the person was not a conductor, and in fact he did not know what position he held, although he was in uniform. It was proved on the part of defendant that a brakeman by the name of Stevens was authorized by the conductor to take up the tickets in the observation car and bring them to him, but not to detach any portion thereof, and that on the trip in question a ticket from Uvalde to Seguin was delivered to him by the brakeman, and he detached a portion, and returned the ticket to the brakeman. The brakeman testified that, if he took up any ticket from plaintiff, he returned to him the portion necessary to secure passage to Seguin; that he collected a ticket that day calling for passage from Uvalde to Seguin, which ticket he received in the observation car. He did not testify that he called upon every one in the observation car, and that all gave him tickets. He could not identify plaintiff as a person from whom he received a ticket that day, nor could plaintiff identify him as the person to whom he gave his ticket. Plaintiff did not testify that no other person collected any tickets in the observation car than the employé who received his ticket, and took the number of Mr. Williams' pass, nor that he and Williams were the only passengers in said car who got on at Uvalde. The evidence fails to show that only one ticket was sold on that day for passage from Uvalde to Seguin. It is not conclusively shown that the portion of the ticket produced by defendant upon the trial was not delivered to the defendant's employés by another person. The evidence is very persuasive to the effect that the plaintiff's ticket was delivered to the brakeman, Stevens, who was the only employé whom the conductor authorized to receive tickets; but it does not show such fact with such conclusiveness as to enable this court to say that the trial court could have instructed the jury to that effect. Our statutes require that each servant of a railroad employed in a passenger train shall wear upon his hat or cap a badge indicating his office and the initial letters of the company, and that no conductor or collector without such badge shall demand or be entitled to receive any fare, toll, or ticket. Articles 4503 and 4504.

Plaintiff, in delivering his ticket to an employé without the proper badge on his hat or cap, voluntarily took the risk that such employé might not be authorized to receive his ticket. He could have declined to give up his ticket because demanded by a person having no authority to receive the same. If he delivered it to an employé not authorized to receive it, he would be in no better position than if he had lost it, and the court's charge, therefore, was erroneous. In order to make out his case, it was necessary for him to show that he delivered the ticket to a person authorized to receive same. Not having shown such fact by evidence so conclusive as to authorize an instruction to that effect, the court erred in charging in effect that, even though he did deliver the same to a person not authorized to receive it if he was not guilty of negligence, he would be excused from the consequences of such delivery.

Assignments 7, 8, and 9 relate to the issue of contributory negligence. The contention, briefly stated, is that Short was guilty of contributory negligence in not purchasing a ticket from San Antonio to Seguin, after vainly searching for the employé who received his ticket. A peremptory charge was requested upon this theory, and two special charges submitting the issue to the jury were also requested.

[6] While plaintiff testified that he did not know that a different train crew would take the train on from San Antonio, yet, his ticket being in two portions, he was chargeable with notice that it was necessary for him to have the portion calling for passage from San Antonio to Seguin in order to complete his journey. That he knew this is evidenced by the fact that he demanded of the employé, subsequent to the taking up of his ticket, the return of said portion thereof,

and the promise to return .same not being fulfilled, he made a search for the employé as the train neared San Antonio; his purpose being to get such portion of the ticket. But this is not a case where a person enters a train without a ticket, or with one which he knows will not be accepted.

[7] Plaintiff entered the train with a good ticket, and remained in the same until ejected. If he gave that ticket to the person authorized to receive same, whose duty it was to return a portion thereof, plaintiff being required to give the entire ticket up because not allowed to detach any portion thereof, he did all that was required of him, and according to the weight of authority could stand upon his right to remain upon the train until carried to his destination, and was not required to anticipate that defendant's employés would not protect him in his rights. Had he bought another ticket, and put in a claim for the amount, he might have received the answer that the employés had made arrangements with the conductor of the second crew to perform the contract on the part of the company. Railway v. Lucas, 105 Tex. 82, 144 S. W. 1128, 39 L. R. A. (N. S.) 512; T. & P. Ry. Co. v. Payne, 99 Tex. 46, 87 S. W. 330, 70 L. R. A. 946, 122 Am. St. Rep. 603; Cherry v. Railway Co., 2 L. R. A. (N. S.) 695 (case note); Railway v. Wiseman, 136 S. W. 793; Sprenger v. Tacoma Traction Co., 43 L. R. A. 716 (case note). The assignments are overruled.

[8] The tenth and eleventh assignments will not be considered because too general. They merely assert that the court erred in overruling the motion for new trial, because "the verdict of the jury was not supported by the evidence, and is contrary to the law and the evidence," and because the verdict of the jury is excessive. These assignments are based upon paragraphs of the motion for new trial which are equally general. Connor v. Saunders, 9 Tex. Civ. App. 56, 29 S. W. 1140; Jenkins v. American Co. (Sup.) 2 S. W. 726; Musick v. O'Brien, 102 S. W. 458; Texas Land & Irrigation Co. v. Sanders, 113 S. W. 558; Railway v. Miller, 124 S. W. 109; Railway v. McVey, 81 S. W. 991.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[9] Appellee contends that the portions of the charge held erroneous in discussing the fifth and sixth assignments were not calculated to lead the jury to believe that an unauthorized employé was meant. The charge given is subject to the construction that plaintiff was acting within his rights in giving the ticket to an unauthorized agent, provided he was not guilty of negligence in so doing. True, the term "employé" is used, and not the words "authorized employé" or "unauthorized employé"; but when the court, after using the term "employé" many times, finally tells the jury that, if plaintiff, by rea-

son of his want of reasonable and ordinary care, delivered his ticket to a person not authorized to receive it, defendant's employés had the right to ask him to leave the train, and, upon his refusal to do so, to eject him, it could be construed in no other way than as an instruction that, if the employé mentioned throughout the charge was not authorized to take up the ticket, plaintiff's rights would not be affected by such want of authority, unless he was guilty of negligence in delivering his ticket to such employé.

It is also contended that no issue was made as to delivery of ticket to an unauthorized agent. It appears from the charge of the court that he considered the issue in the case, but was of the opinion that, even if the ticket was delivered to an unauthorized agent, it would not bar a recovery, unless such delivery constituted negligence on the part of plaintiff. Plaintiff alleged that he surrendered his ticket to the servant and agent of the railroad company before the arrival of the train at San Antonio, but did not allege that such servant or agent was one authorized to take up tickets. Such allegation should have been made, and it may be that we erred in not holding that a general demurrer should have been sustained because of the failure to make same, for it seems clear that, in order to make out his case, and as a basis for showing that his ejection was not warranted, he should allege that he delivered his ticket to an agent authorized to receive same, and therefore was excused from delivering it when it was demanded by the conductor as alleged by him. The petition should be amended in this respect before another trial.

[10] But, if the petition was only subject to a special exception, plaintiff, because of such omission, would not be excused from proving the facts necessary to make out his case.

[11] Defendant filed a general denial and a special answer. In the special answer it stated that, if plaintiff bought a ticket entitling him to passage from Uvalde to Seguin on June 5, 1912, one portion was detached and retained by defendant's servants, and the other returned to plaintiff, and, if he did not present it to the conductor, it was his own fault, as he had either lost or misplaced it. Appellee contends that this is an admission that the ticket was delivered to an agent authorized to receive same. We do not so construe it, and it is clear from what follows that it was not even intended to admit that any employé received plaintiff's ticket, authorized or not authorized, as the further allegation is made that, if it be true that the ticket was presented to some "clerk" of defendant, and such servant failed to return the ticket, plaintiff was negligent in not securing such ticket from such servant, or purchasing another one. We do not think it would be just to construe this answer as an admission that the ticket was received by Brakeman Stevens or the conductor on the

train from Uvalde to San Antonio. It was not so construed by the trial court, nor was it intended as such an admission by the pleader.

The motion is overruled.