DENBY TRUCK CO. v. THOMPSON et al.*
(No. 2072.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1923. Rehearing Denied March 7, 1923.)

1. Pleading ⬅️111—Overruling plea of privilege without serving defendant with notice of filing controverting affidavit and order setting it down for hearing held reversible error.

In an action by the owner of a motor truck against mortgagees for wrongfully taking the truck, in which defendants filed a plea of privilege to be sued in the county of their residence, after which plaintiffs filed a controverting affidavit that the action was for trespasses committed in the county where suit was brought, and the court noted an order setting a hearing on the affidavit, rendering a judgment, without further appearance of defendants, overruling the plea of privilege, and on the merits for plaintiffs, without serving notice on defendants of the filing of the controverting affidavit and the order setting the hearing thereon, as required by Rev. St. Art. 1903, was reversible error, there being no presumption of service of the notice; regardless of a recital in the judgment that defendants were duly served.

2. Pleading ⬅️111—Notice of affidavit controverting plea of privilege and order setting it for hearing jurisdictional.

Under Rev. St. art. 1903, providing for service of notice on defendants of filing of an affidavit controverting a plea of privilege to be sued in the county of defendants' residence, issuance and service of regular judicial process as provided for by article 2119 is jurisdictional.

3. Pleading ⬅️111—Facts stated in affidavit controverting plea of privilege to be sued in county of defendants' residence held sufficient to maintain venue in county where suit was begun.

In an action by owners of a motor truck against mortgagees of the truck for taking the truck, in which defendants filed a plea of privilege to be sued in the county of their residence, a controverting affidavit by plaintiffs to the effect that the suit was for damages for trespasses committed in the county in which suit was begun stated facts sufficient to maintain the venue in the county in which the suit was begun.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 25, 1923.

Action by Ray Thompson and another against T. L. Camp and another, doing business as the Denby Truck Company. From judgment for plaintiffs, defendants bring error. Reversed and remanded.

J. N. Townsend, of Dallas, for plaintiffs in error.

W. H. Russell, of Hereford, for defendants in error.

BOYCE, J. [1] Roy Thompson and wife brought this suit against T. L. Camp and Edwin Hobby, partners, doing business in the name of the Denby Truck Company, of Texas, to recover damages for the wrongful taking by defendants of an automobile truck from plaintiffs' possession. It was alleged that defendants had a chattel mortgage on the truck, but before the maturity of their indebtedness, in violation of plaintiffs' rights, took possession of the same without plaintiffs' consent; that plaintiffs later recovered possession, when defendants again wrongfully took said truck by levy of sequestration, issued out of a suit brought by defendants against plaintiff Roy Thompson; that such trespasses were committed in Deaf Smith county, where this suit was brought.

Defendants filed pleas of privilege, regular under the statute, to be sued in Dallas county, where they resided. Plaintiffs filed a controverting affidavit, in which they repeated the statement of their petition, that the suit was for damages for trespasses committed in Deaf Smith county. The court noted an order on the controverting affidavit, setting a hearing thereon for November 17, 1921. On November 29th, judgment was rendered without further appearance of defendants overruling the plea of privilege and on the merits for the plaintiff Roy Thompson for the recovery of the sum of $2,700. This judgment recited that the defendants were "duly served with copy of such controverting affidavit to said plea of privilege and the notation of the court thereon for more than ten days before same was heard." No other evidence of service of such notice appears in the record.

[2] The service of notice on the defendants, of the filing of the controverting affidavit, and the order of the court setting the same down for hearing, required by article 1903, Revised Statutes, is jurisdictional. Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288; Craig, Sheriff, v. Pittman (Tex. Civ. App.) 234 S. W. 1112. It has been held that a compliance with this provision for notice requires the issuance and service of regular judicial process in the manner provided by the general law applicable to such matters. McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735. See, also, Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 498, 55 S. E. 251, 115 Am. St. Rep. 108;

R. C. L. vol. 21, pp. 1265 and 1315; Standard Enc. of Proc. vol. 20, p. 663. And that article 2119 of the statutes furnishes the particular provision of the law as to the manner of issuing, serving and returning such process. Doak v. Biggs (Tex. Civ. App.) 235 S. W. 959. These cases further hold that on an appeal from a judgment overruling the plea of privilege, rendered on such a hearing, without the appearance of the defendants, the record must, in order to sustain the judgment, affirmatively show proper service of the notice above provided for, and that in such case there is no presumption of service, "even though the judgment recites due service." Doak v. Biggs, supra. The application of these propositions to the facts of this case requires a reversal of the judgment.

[3] The facts stated in the controverting affidavit are sufficient to maintain the venue in Deaf Smith county. Focke v. Blum, 82 Tex. 436, 17 S. W. 770; Perry v. Stephens, 77 Tex. 246, 13 S. W. 984; Conner v. Saunders, 9 Tex. Civ. App. 56, 29 S. W. 1140.

Reversed and remanded.