## BROOKS v. HORNBECK.   (No. 242.)

(Court of Civil Appeals of Texas. Waco. June 4, 1925.)

**1. Words and phrases — "Misfeasance" and "nonfeasance" distinguished.**

"Misfeasance" is the doing of an unlawful act in an unlawful or improper manner, especially in a culpably negligent manner, while "nonfeasance" is the negligent omission of some act which one is bound as a legal or official duty to perform.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misfeasance; Nonfeasance.]

**2. Venue ⬅═⟶8—Act inherently right, if performed in a culpably negligent manner, may constitute "trespass."**

To constitute a "trespass," within Rev. St. art. 1830, subd. 9, as to venue, there must be an affirmative act, as distinguished from a mere failure to act, but act may be inherently right if properly performed, and yet, if performed in a culpably negligent manner, resulting ·in injury to another, be a misfeasance or trespass as to such person.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

**3. Venue ⬅═⟶16½—Action for surgeon's negligence properly brought in county where leg set, though reset in another county.**

Where broken leg was first set while plaintiff was in one county and reset while in a different county, and'both settings were improper, action against surgeon for negligence *held* properly brought in former county, since such act of surgeon was a trespass within Rev. St. art. 1830, subd. 9, and an action may be brought in either county when a continuing trespass is begun in one county and additional damages inflicted in another.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by John H. Brooks against A. C. Hornbeck. From judgment sustaining defendant's plea of privilege, defendant appeals. Reversed and rendered.

E. G. Lloyd, Jr., and C. S. Bradley, both of Groesbeck, for appellant.

J. E. Bradley and W. T. Jackson, both of Groesbeck, for appellee.

GALLAGHER, C. J.   This is an appeal from an order of the court sustaining a plea

of privilege. Appellant, John H. Brooks, was plaintiff, and appellee, A. C. Hornbeck, was defendant in the court below. Appellant sued for damages in the sum of $25,000, for injuries which he alleged he had suffered by reason of the unskillful, careless, and negligent manner in which appellee, a practicing physician and surgeon, set his broken leg, Appellee filed a plea of privilege in statutory form, asking that the case be transferred to Falls county, where he resided. Appellant filed a controverting affidavit, setting up the facts relied on, as hereinafter set out, and alleging that the court had jurisdiction of the case, and that venue thereof was properly laid in Limestone county under and by virtue of subdivision 9 of article 1830 of the Revised Statutes. The court heard the evidence, sustained the plea, and ordered the case transferred to Falls county. This order is before us for review.

The facts are undisputed. Appellant's summary of the facts is substantially correct, and is as follows:

"That appellant was injured in Kosse, in Limestone county, by having his leg accidentally broken. That he called for Dr. Ezell, his family physician, but some one brought appellee, also a physician, and appellant acquiesced in appellee undertaking to treat him. That appellee took him about a block to his office, gave him an anæsthetic and set his broken leg, which treatment took some time, and started with him to Marlin, in Falls county, and was somewhere on the road when appellant aroused from the effect of the anæsthetic, and for the first time learned that he was being taken to Marlin. That the next day appellee reset appellant's leg and later again reset it, cutting off about one inch or one and one-half inches of the end of the broken bone. Dr. A. T. Ezell testified that the leg now shows an improper setting and that, if it had been properly set in Kosse, there would have been no necessity either to reset it the next day or at any other time, or to cut off the end of the bone."

Subdivision 9 of article 1830 of the Revised Statutes, relied on as laying venue of this case in Limestone county, is as follows:

"Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

Since the improper setting of a broken limb, resulting from negligence on the part of the physician or surgeon performing such act, is neither a crime nor an offense under the law, unless such action is a trespass within the meaning of the statute quoted, such statute does not fix venue in this case in Limestone county. "Trespass" is defined in 38 Cyc. 994, as follows:

"The term 'trespass' in its broadest sense means any misfeasance, transgression, or offense which damages another's person, health, reputation, or property, and, as used in some statutes, is equivalent to 'tort.'"

[1, 2] This definition of "trespass" is substantially the same as given in 26 Ruling Case Law, p. 930. This definition includes a misfeasance which damages another's person, but it does not include a nonfeasance, though the same may result in such damage. "Misfeasance" is defined by Standard Dictionary as the doing of a lawful act in an unlawful or improper manner, especially in a culpably negligent manner, while "nonfeasance" is defined by the same authority as the negligent omission of some act which one is bound as a legal or official duty to perform. Our Supreme Court has frequently held that a nonfeasance, a mere negligent omission to perform a duty, does not amount to a trespass within the meaning of the statute under consideration. Ricker v. Shoemaker, 81 Tex. 22, 25, 16 S. W. 645; Connor v. Saunders, 81 Tex. 633, 637, 17 S. W. 236; Austin v. Cameron, 83 Tex. 351, 353, 18 S. W. 437. To constitute a trespass, there must be an affirmative act, as distinguished from a mere failure to act. Such action need not be inherently unlawful. It may be inherently right if properly performed, and yet be, if performed in a culpably negligent manner resulting in injury to another, a misfeasance or trespass as to such person. The case of Connor v. Saunders, above cited, was reversed and remanded by the Supreme Court. It was tried again on the theory that the representative of the defendants in that case was guilty of negligence in the performance of an affirmative act. The trial court so found and sustained venue in the county where the plaintiff suffered his injury. The judgment on that trial was affirmed by the Court of Civil Appeals for the Fifth District (Connor v. Saunders, 9 Tex. Civ. App. 56), 29 S. W. 1140, and writ of error was refused by the Supreme Court. The Court of Civil Appeals for the Second District so construed the statute in the case of Lasater v. Waits, 67 S. W. 518. While the Supreme Court granted a writ of error, reversed the judgment, and dismissed the case, such action was based on other grounds, and the court expressly distinguished such grounds from the facts involved in the case of Connor v. Saunders, in which it had refused a writ of error, as above stated. Lasater v. Waits, 95 Tex. 553, 554, 555, 68 S. W. 500. We refer in this connection to the following cases: Elder, Dempster & Co. v. St. L. S. W. R. Co., 105 Tex. 628, 649, 154 S. W. 975; American Railway Express Co. v. Santa Anna Gas Co. (Tex. Civ. App.) 250 S. W. 271, 272; Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260; Wettermark v. Campbell, 93 Tex. 517, 523, 56 S. W. 331; Randle v. Light Co., 169 Ala. 314, 53 So. 918; Howard v. Hunter, 126 Ky. 685, 104 S. W. 723, 724; Castille v. Railway Co., 48 La. Ann. 322, 19 So. 332, 334, 336; Newsom v.

Anderson, 24 N. C. 42, 37 Am. Dec. 406; Campbell v. Stakes, 2 Wend. (N. Y.) 137, 19 Am. Dec. 561; Cox v. Strickland, 120 Ga. 104, 47 S. E. 912, 1 Ann. Cas. 870.

[3] It has been held, when a continuing trespass was begun in one county and additional damages inflicted in another county, that venue of an action for such damages as a whole might be laid in either county. Pope v. Ray (Tex. Civ. App.) 244 S. W. 1032, 1034 (writ refused); Boyd v. Genitempo (Tex. Civ. App.) 260 S. W. 934, 935, par. 2.

The judgment of the trial court is reversed, and judgment is here rendered, overruling appellee's said plea of privilege.