**DULLNIG et al. v. VENABLE et al.***
(No. 7630.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 17, 1926. Rehearing Denied
Dec. 15, 1926.)

Mines and minerals ⬤⟞73½—Where lessees complied substantially with terms of oil and gas lease, lessor could not arbitrarily terminate lease.

Where lessees under oil and gas lease for one year and as long as either oil or gas was produced on land complied substantially with terms of lease, lessor could not arbitrarily terminate lease, and lease made to another while first lease was in effect was void.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action of trespass to try title by Mrs Frances Dullnig and others against H. G. Venable and others. From the judgment, plaintiffs appeal. Affirmed.

E. E. Townes and Jno. C. Townes, Jr., both of Houston, Wayne Davis, of San Antonio, H. O. Young and R. E. Seagler, both of Houston, and O. M. Fitzhugh, of San Antonio, for appellants.

Cunningham, Moursund & Johnson and Arnold & Cozby, all of San Antonio, for appellees.

FLY, C. J. This is an action of trespass to try title to three tracts of land, one containing 557% acres, another containing 35 acres, and the third 378 acres, all in Bexar county, and all out of original survey 100, patented to Justo Esqueda, containing in the aggregate 970% acres, instituted by Mrs. Frances Dullnig and the Humble Oil & Refining Company against H. G. Venable, Mrs. C. Ruppert, S. H. Townsend, and O. M. Fitzhugh. Mrs. Dullnig claimed to own the land in fee simple, subject to a "determinable fee-simple title in the plaintiff Humble Oil & Refining Company to the oil and gas in place in and under said land and premises." Mrs. Dullnig also pleaded title by three, five, and ten years' limitations. S. H. Townsend filed his disclaimer to any interest in the land. O. M. Fitzhugh disclaimed fully as to the south 100 acres of the land described in the petition and disclaimed as to the remainder of the land save and except as to the right and estate under an oil and gas lease executed by Mrs. Dullnig to Henry L. Forest. Venable pleaded a transfer, since the suit was instituted, of all his right and interest in the land to O. M. Fitzhugh. Mrs. C. Ruppert claimed only an oil and gas lease of the south 100 acres of the land, claiming by virtue of assignment to her of an oil and gas lease made by Mrs Dullnig to Henry L. Forest as to the 100 acres of land. The court found and so recited in the judgment, that on March 10, 1922, Mrs. Frances Dullnig, individually and as independent executrix of the estate of George Dullnig, deceased, executed a valid and subsisting oil and gas lease on and under all of said land, which lease was in full force and effect. The court further recited in the judgment that the lease to A. A. Adams, and through which the Humble Oil & Refining Company claimed, was executed on July 24, 1924, by Mrs Dullnig, more than two years after the Forest lease was executed and recorded, and that such lease was null and void. It was adjudged that Mrs. Dullnig recover her title and possession of the land from Townsend, Venable, Fitzhugh, and Mrs. Ruppert, subject to the terms of the oil and gas lease of March 10, 1922, made to Henry L. Forest for the purpose of mining and operating for oil and gas, and the lease to A. A. Adams was canceled and held for naught. The costs were assessed against the appellants.

The evidence showed that the lease by Mrs. Dullnig to A. A. Adams was of date July 24, 1924, and that he, without any action under said lease, transferred it to the Humble Oil & Gas Company on March 1, 1925, and on June 9, 1925, this suit was filed. The Humble Oil & Gas Company has paid the money rent named in the lease to Adams, and it may be inferred that Adams was a mere figure head for the company. Appellants' testimony showed that on April 10, 1922, Forest paid $100 on his lease and drilled a well under the lease, and Venable cleaned out some old wells on the land, under the terms of the lease. A second well was put down by Venable. The representative, a daughter of Mrs. Dullnig, made no complaint about the work under the lease, as she stated, until about March 12, 1923, and she did not know to whom she complained. The next day she saw Venable and told him it was all right and to go ahead. The Forest lease provided for a one-year lease and as long as either oil or gas was produced on the land for a consideration of one-eighth of all oil produced and saved from the leased premises and also one-eighth of all gas marketed from the land. The provision that the lease should terminate on April 10, 1922, unless the lessee should pay the lessor $100 before that date was complied with and accepted by the lessor. That payment extended the time one month, and the well was begun in the second month. There was another provision that if the first well was a dry one then the lessee had another year in which to begin the second well from payment of the rent for extension. Assignments of the lease were permitted by the contract. The old gas well was cleaned out and supplied gas to the residence of Mrs. Dullnig on the land, and two old oil wells were cleaned and put on the pump. Tanks were erected to

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 9, 1927.

hold the oil. The terms of the lease were discussed between Fitzhugh and Otto Dullnig, the son of the lessor, and he afterwards returned and told Fitzhugh that his mother and sister agreed that the lease was to remain in effect for one year and as much longer as either gas or oil in any quantity was produced on the land from old and new wells. He also reported that his mother and sister agreed that the first well was begun in time. Fitzhugh and the son of Mrs. Dullnig agreed fully on the construction put on the contract by Fitzhugh. In August, 1923, after the lease had been extended by digging another well, the old wells were being pumped and there were 30 barrels of oil in the tank connected with the old wells, and there were also a few barrels in the tank connected with the new wells. The oil could not be sold to San Antonio refineries because it was lubricating oil with no gasoline in it. Everything was done by Fitzhugh to keep up the pumping and sale of the oil, work being greatly handicapped by incessant rains in the latter part of 1923.

Mrs. Dullnig by her acts or those of her agent led the lessees to believe that she was satisfied with their efforts in connection with the lease, and she, without notice of any kind, made a lease to another party. The lessees complied practically and substantially with the terms of the lease, and the lessor had no right to arbitrarily terminate the lease.

The nine propositions upon which the brief is predicated are founded on hypotheses as to facts which are not supported by the statement of facts, and all are overruled.

The judgment is affirmed.