## McCRARY v. COATES.

### No. 9535.

Court of Civil Appeals of Texas. Galveston.
March 6, 1931.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Benj. A. Denny and Allan H. Kottwitz, both of Houston, for appellee.

PLEASANTS, C. J.

This is a suit by appellee against appellant to recover damages for personal injuries sustained by him while riding with appellant along one of the streets of the city of Galveston in an automobile owned and operated by appellant, which injuries are alleged to have been caused by the negligence of the appellant.

Appellant, who is and was at the time of the accident a resident of Johnson county, in due time filed and presented a proper plea of privilege to be sued in the county of his residence.

In answer to this plea, appellee filed a controverting affidavit in which he claimed the right to sue appellant in Galveston county on the ground that "plaintiff herein is suing for damages for personal injuries to himself arising out of a collision caused by the negligence, carelessness and willfulness of the defendant as shown by plaintiff's petition filed herein, which is hereby referred to and made a part hereof as though fully copied herein, which occurred in Galveston County, Texas, and therefore this cause of action will come under article 1995, section 9."

The petition referred to in this affidavit does not allege that the plaintiff was injured by the "willfulness" of defendant. The allegations of the petition upon which plaintiff bases his cause of action are as follows:

"Plaintiff represents that on the 29th day of February, 1928, at the special invitation and request of the defendant, J. N. McCrary, plaintiff went automobile riding with said defendant, McCrary, in the said defendant's, McCrary, auto, riding around in the City of Galveston, and that after riding around for a short while the said defendant, McCrary, drove said automobile along Twenty-first Street between Avenues H and I; that while driving said car along said Twenty-first street the said defendant, J. N. McCrary, operated said car without skill, carelessly, negligently and recklessly at the time and prior to said injury and caused his said automobile to run into another automobile with such terrific force that this plaintiff was thrown with violence against the wind-shield of said automobile and was knocked unconscious and was injured," etc.

"Plaintiff alleges that said collision and plaintiff's said injuries were caused by the negligence and carelessness of the defendant by driving said automobile in a careless, reckless and negligent manner and without skill and his failure to stop said automobile before striking the other car. * * *

"Plaintiff alleges that by reason of the gross negligence, carelessness and recklessness and unskillfulness of the defendant as aforesaid he ought to recover the further sum of Five Thousand ($5,000.00) Dollars as exemplary damages."

On the hearing of the plea, plaintiff, who resides in Harris county, testified:

"On February 29, 1928, I was in Galveston and had an automobile accident at that time. I was with J. N. McCrary, and he was the cause of the accident. The accident happened in front of the car barn on 21st Street in Galveston, Galveston County, Texas. I sustained injuries in that accident and was confined to the hospital in Galveston. The accident was not caused by any fault of mine; it was the fault of Mr. McCrary."

On cross-examination:

"I had been in Galveston about 10 days, being down here on business of my own. I was organizing a Knife and Fork Club. Mr. McCrary was working for me.

"At the time of this accident I had been over to the Lafitte Hotel to see a man by the name of Tracy on personal business between Mr. Tracy and me. Mr. McCrary drove me over there to see Mr. Tracy, and while coming back to the Galvez Hotel from that business trip this accident occurred. * * *

"I had not been riding around with Mr. McCrary all the time I had been in Galveston. Mr. McCrary had a car and I had a car.

"That evening we had started to dinner. It was dinner time, after business hours. Mr. Tracy called just as we started to dinner and asked me to come up to see him. Mr. McCrary was in the room with me, and he got the message that way that I wanted to go to the Lafitte. There probably wasn't anything further said about it.

"The only reason I can give for getting in Mr. McCrary's car instead of my own is that his car was probably closer to the steps of the hotel than mine. His car was an open car and mine a closed car, and they were both at the hotel. I got in his car and he got at the wheel and drove me over there. He drove me back after I finished my business over there."

It seems clear to us that the allegations of plaintiff's petition and plaintiff's testimony above set out, which was all of the evidence adduced upon the hearing of the plea,

both show that plantiff's cause of action is not founded upon a "trespass" in the meaning and intent of subdivision 9 of article 1995 of our Revised Statutes, which provides that suits founded upon "such crime, offense, or trespass" may be brought in the county where the crime, offense, or trespass was committed, or in the county where the defendant lives. It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty. 38 Cyc. 994; 26 R. C. L. 930; Ricker v. Shoemaker, 81 Tex. 25, 16 S. W. 645; Connor v. Saunders, 81 Tex. 633, 17 S. W. 236; Austin v. Cameron, 83 Tex. 357, 18 S. W, 437; Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162; Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422.

The allegations and evidence in this case show that plaintiff and defendant, both of whom at the time of plaintiff's injury were nonresidents of Galveston county, were riding on the streets of Galveston in an automobile owned and operated by defendant, and, because of the failure of the defendant to use proper care in the operation of the car it came in collision with a street car, and as a result plaintiff, without fault on his part, was injured. Upon this state of the pleadings and evidence, to permit plaintiff to bring this suit against defendant in Galveston county, over defendant's plea of privilege to be sued in the county of his residence, would be frittering away a valuable right guaranteed a defendant under the statutes of this state.

These conclusions require that the judgment of the trial court be reversed, and the cause remanded, with instructions to the trial court to transfer the case to the district court of Johnson county, and it has been so ordered.

Reversed and remanded, with instructions.