## JAMES v. MEREDITH.

No. 8414.

Court of Civil Appeals of Texas. Austin.

Jan. 27, 1937.

Rehearing Denied Feb. 17, 1937.

Baker & Baker, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order changing the venue to Dallas county upon sustaining a plea of privilege to be sued in that county.

The only issue the appeal presents is whether the cause of action sued upon constitutes a trespass within the meaning of R. C. S., art. 1995, subd. 9.

Appellant was injured by having his hand caught in the cogs of a "boosting" engine, claimed to have been defective and dangerous, in that it was not provided with a safety guard. Appellant alleged that he was inexperienced in this class of work and was employed with full knowledge on the part of appellee's duly authorized employing agent of his inexperience to operate and tend the engine. The evidence upon the hearing was sufficient, prima facie, to establish the material allegations of his petition.

In negligence cases, the now adjudicated test whether trespass within the meaning of the venue statute exists is whether the negligence was active or affirmative in character, as distinguished from mere passive, negative, or inactive negligence. This test has been applied to a great variety of fact combinations, resulting in a large volume of adjudicated cases. An able discussion of the subject will be found in Judge Blair's opinion in the Schlortt Case (Tex.Civ.App.) 71 S.W.(2d) 886, cited below.

Had the negligence consisted solely in furnishing a dangerously defective engine, clearly, under the decisions, it would be classed as inactive, passive, or negative; and would not constitute a trespass. We conclude, however, that to employ one and set him to work in tending and operating a dangerous machine with knowledge of his inexperience constitutes an affirmative, active act of negligence, and therefore a trespass within the mean-

ing of the venue statute. And this irrespective of whether the danger arises from some defect in the machine. The wrongful act constituting trespass consists in employing one to perform a dangerous undertaking with knowledge of his unfitness and consequent inability to guard against injury through lack of experience. The following decisions support this holding: Goodrum v. Hobbs (Tex.Civ.App.) 60 S.W.(2d) 298; Page v. Schlortt (Tex. Civ.App.) 71 S.W.(2d) 886; Dillingham v. Cavett (Tex.Civ.App.) 91 S.W.(2d) 868, 869.

The order sustaining the plea of privilege and changing the venue is set aside, and the cause is remanded for trial on the merits.

Order set aside; cause remanded.

On Appellee's Motion for Rehearing.

Citing Murray v. Jones (Tex.Civ.App.) 56 S.W.(2d) 276, 277, appellee asserts error in our holding that he could be held liable for a trespass committed by his employee. The cited opinion reads, in part: "It has been definitely settled, and rightfully so, that an action for injury or death caused by negligence, passive or active, cannot be sustained as an action upon an offense, crime, or trespass under the venue statute, unless it affirmatively appears that the defendant acted in person and not by agents. Austin v. Cameron, 83 Tex. 351, 18 S.W. 437; Wettermark v. Campbell, 93 Tex. 517, 56 S.W. 331; Brown v. Calhoun (Tex.Civ.App.) 22 S. W.(2d) 757."

The cited cases do not support the text in so far as trespass is concerned. The gist of the cited cases is to the effect that malice of the servant, which is essential to a crime or offense, is not imputable to the master unless he authorizes or ratifies the act constituting the crime or offense. If the act, however, was in the line of duty of the servant and (independently of its constituting a crime or offense) it amounted to a trespass, the master would be liable under the doctrine of respondeat superior.

But the decision in Murray v. Jones was not rested upon the above quotation, which may be disregarded as dictum; as appears from the following: "Moreover, we are of the opinion that under the facts alleged, even if the acts complained of were chargeable to appellant instead of his agent, the action does not rest upon a crime, offense, or trespass within the meaning of the ninth exception to the venue statute. The accident was not immediately caused by any active negligence of appellant's agent, but rather by appellee's own act in running his motorcycle against appellant's parked car."

Commenting upon the first quotation above, the Beaumont Court in Claer v. Oliver, 62 S.W.(2d) 354, 356, say: "An inspection of the opinion shows clearly that Judge Smith, in using the language quoted, had under consideration a contention that venue could be maintained over the defendant in Bexar county because the negligent acts relied on were complained of as being in violation of the law. His view that venue cannot be maintained on such ground is supported by the two cases cited which we have discussed above."

The holding of the Beaumont Court is thus stated: "To maintain venue over a defendant in the county where the trespass was committed, it is only necessary to show that his agent committed it while acting in the apparent scope of his employment. This has been specifically held by the Texarkana Court of Civil Appeals in two cases. Campbell v. Wylie, 212 S.W. 980; Carver Bros. v. Merrett, 184 S.W. 741, 745."

Other cases to the same effect are: Page v. Schlortt, 71 S.W.(2d) 886 (by this court); Joy v. Craig, 81 S.W.(2d) 261 (by the Amarillo Court); Weber v. Reagan, 91 S.W.(2d) 409 (by the Waco Court); Dillingham v. Cavett, 91 S.W.(2d) 868 (by the Amarillo Court). Numerous other cases to the same effect are cited in the above cases. For further comment on Murray v. Jones, see Sproles v. Copeland (Tex.Civ.App.) 67 S.W.(2d) 1076.

As pointed out in our original opinion, whether negligence constitutes a trespass within the meaning of the venue statute depends upon its character as being active or merely passive. The intent or animus of the actor is not involved. If the servant is acting within the scope of his employment, his negligence is imputed to the master. And this is so regardless of the character of his negligence, whether active, and therefore a trespass, or merely passive, and not a trespass.

The motion is overruled.

Overruled.