M. M. Crane, M. M. Crane, Jr., and Robert M. Vaughan, all of Dallas, amici curiæ.

MARTIN, Commissioner.

The Fort Worth Court of Civil Appeals reformed and affirmed the judgment of the trial court in this case, holding in effect that the contract pleaded and proven was a usurious one. Federal Mortgage Company et al. v. Hawkins, 95 S.W.2d 744. The Dallas Court of Civil Appeals reached an opposite conclusion, in a case where the controlling facts were identical with the present case. Federal Mortgage Company et al. v. Davis, 100 S.W.2d 717. This last holding has this day been affirmed by us.

It is our opinion that the Dallas court has correctly decided the question at issue, and a further discussion would be useless.

Judgment of the trial court and that of the Court of Civil Appeals, are both reversed and judgment rendered for Equitable Trust Company as prayed for by it.

Reversed and rendered.

Opinion adopted by the Supreme Court.

**MEREDITH v. McCLENDON, Chief Justice, et al.**

No. 7242.

Supreme Court of Texas.

Jan. 12, 1938.

Critz & Woodward, of Coleman, for relator.

Baker & Baker, of Coleman, for respondent James.

SHARP, Justice.

Relator seeks by mandamus to compel the honorable Court of Civil Appeals for the Third judicial district to certify to this court for decision the question of law whether that court was correct in reversing the judgment of the district court, which sustained relator's plea of privilege to be sued in Dallas county, instead of Coleman county, as shown by the opinion of the Court of Civil Appeals in the case of James v. Meredith, 101 S.W.2d 866.

Clifton James filed in the district court of Coleman county a suit for damages against Carlton Meredith. The parties in that suit will be designated here as they were in the trial court. The petition alleged that James resided in Coleman county and Meredith in Dallas county. For cause, plaintiff alleged that defendant, who resided in Dallas county, owned and operated certain machinery in Coleman county, known as a "booster gas plant," a machine for forcing natural gas through pipes from the plant to other places in Coleman county; that defendant employed plaintiff to operate the machine; that the machine was not properly protected by guards to prevent the operator of same from getting his hands or fingers in the machinery; and that by reason of the negligence and omission of defendant to have the machine protected by guards, plaintiff, who was a young inexperienced operator, got his hand in the machine while operating same as an employee, and suffered the loss of his hand. The petition did not allege any affirmative act of negligence on the part of defendant, but merely alleged negligence in failing to have guards, which were not described, placed upon the machine; which machine itself was in no manner described in the petition.

Defendant in due time filed his plea of privilege, claiming his privilege to be sued in Dallas county, the county of his residence, and alleged that he was not at the time of the institution of said suit, nor at the time of service of process therein, nor at the time of the filing of such plea, a resident of Coleman county, but that at all of said times he was a resident of Dallas

1064

county, and that no exception to exclusive venue to the county of one's residence existed in said cause.

Plaintiff filed his controverting answer to the plea of privilege, alleging, in reply thereto, and as grounds for venue for the cause in Coleman county, that defendant employed him to manage and handle the machinery, knowing that he was inexperienced in such matters, and also knowing that said machinery was defective and not properly constructed or protected as same should have been for the purpose of preventing injuries to a person operating same, and said machinery was not properly protected and covered so as to prevent injuries or accidents to persons operating same. And he further alleged that the defective condition of the machinery was known to defendant, and not known to plaintiff, and that plaintiff got his left hand and fingers in the machine, and they were so badly damaged that the hand had to be removed.

The controverting plea further alleged that defendant's manager, who was plaintiff's father, and defendant "well knew at the time of employing this plaintiff that he was inexperienced in operating machinery of this kind in question and both well knew at said time that said machinery was defective and same was not properly protected, as it should have been to prevent such injuries." He further alleged in said controverting plea that his venue was based upon article 1995, subd. 9, of the Revised Civil Statutes of Texas. He prayed that the plea of privilege be overruled. Upon the hearing of the plea of privilege, and the answer thereto, and the testimony thereon, the district court sustained the plea of privilege, and transferred the venue to Dallas county. Plaintiff appealed to the Court of Civil Appeals, and that court reversed the judgment of the trial court, holding that venue was in Coleman county. In due time defendant filed a motion for rehearing, which was overruled.

The defendant filed a motion that the court certify the question to the Supreme Court for decision, which was overruled; and he now seeks relief by mandamus. The mandamus is sought on the ground that the opinion of the Court of Civil Appeals is in conflict with the opinions of this court and the opinions of that court itself and many opinions of other Courts of Civil Appeals, which are cited below:

Ricker et al v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; Austin v. Cameron, 83 Tex. 351, 357, 18 S.W. 437; Goodrum v. Hobbs, Tex.Civ.App., 60 S.W.2d 298; Page v. Schlortt, Tex.Civ.App., 71 S.W.2d 886; Murray v. Jones, Tex.Civ. App., 56 S.W.2d 276; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Crain v. King, Tex.Civ.App., 62 S.W.2d 164; Seabolt v. Goforth, Tex.Civ.App., 80 S.W.2d 1051, 1052; McCrary v. Coates, Tex.Civ. App., 38 S.W.2d 393; Perry v. Wood, Tex.Civ.App., 25 S.W.2d 650; Lawless v. Tidwell, Tex.Civ.App., 24 S.W.2d 515; Brown v. Calhoun, Tex.Civ.App., 22 S. W.2d 757, 758; Jacobson v. Berwick, Tex.Civ.App., 289 S.W. 1035; Lindop v. Baker, Tex.Civ.App., 23 S.W.2d 442; Robbins v. McFadden, Tex.Civ.App., 61 S. W.2d 1032.

A judgment of a Court of Civil Appeals reversing an order overruling a plea of privilege is final, and this court has repeatedly held that a mandamus lies to compel certification to this court of such decision, if such decision conflicts with a decision of the Supreme Court or other Court of Civil Appeals. Krueger et al. v. Hall, C.J., et al., 122 Tex. 547, 61 S. W.2d 985; Oliver v. Gallagher et al., 119 Tex. 178, 26 S.W.2d 903; Stevens v. Wilson, 120 Tex. 584, 39 S.W.2d 1088; Layton v. Hightower, 118 Tex. 166, 12 S. W.2d 110; Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982; Harris v. Wilson, 122 Tex. 323, 59 S.W.2d 106.

The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule was announced in the early case of Pool v. Pickett, 8 Tex. 122, and has been consistently followed since that time. Article 1995, Vernon's Ann.Civ.St., provides that: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases." Then follow certain exceptions, and among them is subdivision 9 of said article, which reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." To deprive a defendant of the right of trial in the county of his domicile, the case filed

against him must clearly come within one of the exceptions found in this statute. Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; 43 Texas Jurisprudence, p. 714, and decisions cited in the notes.

■ In due time, and in regular order, defendant filed his plea of privilege to be sued in Dallas county, the county of his residence, which was in compliance with the statutes; and the burden rested on plaintiff to defeat such plea by alleging and proving such facts as would bring the case under subdivision 9 aforesaid.

We have set out the substance of plaintiff's pleadings, and the Court of Civil Appeals found that the evidence· introduced by plaintiff on the hearing of the plea of privilege was sufficient to establish the material allegations of his petition.

■ Subdivision 9 of article 1995 of the Revised Civil Statutes has been construed by the courts of this state in many instances. Ricker et al. v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645, is a typical case involving the construction of subdivision 9 of article 1995. In that case plaintiff sued certain defendants, alleging that he was employed by the railroad company in constructing a trestle on an extension of its line in Dallas county; that he was working under the immediate orders of one Greenfield, who was a representative of the company, with power to hire and discharge hands; and while he was on a pile driver in the construction of the work, through the negligence of Greenfield in failing to fasten a guy rope at the proper time, he was thrown to the ground and injured. It was also alleged, in substance, that Ricker, Lee & Co. were at the time contractors under the railroad company for the construction of its work, but that the contract bound them to do the work under the direction and control of the company's engineer. Other allegations of an alternative nature were made, but the foregoing statements will suffice here. Some of the defendants filed a plea of privilege in that case, but it was contended that, by reason of the pleadings and evidence, the cause of action was based upon a trespass, and that the venue could be maintained in Dallas county, where the suit was originally filed. In that case this court said: "In the present case the alleged wrong consists in the negligent omission by the defendants' representative to do an act which it was his duty to do. Is this a 'trespass' within the meaning of the statute? We think not. The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

The foregoing rule was approved in Connor v. Saunders, 81 Tex. 633, 17 S.W. 236, 238, in which it was said: "To constitute a 'trespass,' as here used, something more than mere negligence must be shown. Railway v. Mangum, 68 Tex. 345, 4 S.W. 617. The act must be committed willfully, or the injury inflicted intentionally, though, of course, the intent to injure may be presumed from the inflicting of the injury by a wrongful, 'act committed,' as contradistinguished from an act carelessly done, or omitted to be done. The act committed must be illegal, though it need not amount to a crime or an offense, for these words are also used in the statute, and embrace penal acts for which an action for damages may be allowed. Nor need the intent to injure be directed towards the plaintiff."

The rule announced in the above decisions has been followed and applied in many cases, some of which are cited below: Austin v. Cameron, 83 Tex. 351, 18 S.W. 437; Brooks v. Hornbeck, Tex.Civ. App., 274 S.W. 162; McCrary v. Coates, Tex.Civ.App., 38 S.W.2d 393; Page v. Schlortt, Tex.Civ.App., 71 S.W.2d 886; Goodrum v. Hobbs, Tex.Civ.App., 60 S.W. 2d 298; 43 Texas Jurisprudence, p. 735, § 22, and cases cited.

In the case of McCrary v. Coates, 38 S.W.2d 393, 395, Chief Justice Pleasants, speaking for the Court of Civil Appeals, tersely stated the rule and cited some of the supporting decisions as follows: "It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty. 38 Cyc., 994; 26 R.C.L., 930; Ricker v. Shoemaker, 81 Tex. [22], 25, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S. W. 236; Austin v. Cameron, 83 Tex. [351],

357, 18 S.W. 437; Brooks v. Hornbeck (Tex.Civ.App.) 274 S.W. 162; Rigby v. Gaines (Tex.Civ.App.) 6 S.W.2d 422."

The effect of the holding of the Court of Civil Appeals in James v. Meredith, supra, is that the act of employing a person, and putting him to work in operating a machine unprotected by guards, with knowledge of his inexperience, constitutes an affirmative act of negligence, and, therefore, constitutes a "trespass" within subdivision 9 of article 1995, Revised Civil Statutes, which will justify the maintenance of a suit for personal injuries in the county in which the injuries were received. When we apply the foregoing holding of the Court of Civil Appeals in this instance to the pleadings and evidence, the substance of which we have already stated, it clearly appears that the holding of that court is in conflict with the opinions of this court and opinions of other courts of civil appeals upon that question.

If the Court of Civil Appeals will reverse its holding in this case and follow the decisions of this court in Ricker et al. v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645, and Connor v. Saunders, 81 Tex. 633, 17 S.W. 236, as interpreted by this opinion, the writ of mandamus is denied. Should it adhere to its present holding, the writ of mandamus is granted, and the Court of Civil Appeals is directed to certify to this court for decision the question of law which, as pointed out in this opinion, is in conflict.