AMERICAN LUMBER AND WRECKING COMPANY, H. R. Craft et al., Appellants,

v.

Fred B. DICKEY, Appellee.

No. 7323.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 28, 1961.

Rehearing Denied March 21, 1961.

W. F. Bane and Lee S. Bane, Dallas, for appellants.

J. J. Heinemann, Fort Worth, for appellee.

FANNING, Justice.

This is a plea of privilege case. The judgment of the trial court is affirmed.

Plaintiffs-appellants in a district court of Dallas County, Texas, sued on a mechanic's lien note, dated November 24, 1959, executed by Elwyn D. Lane and wife, Lucille Lane, in favor of appellants, payable in Dallas County, Texas, in the principal sum of $14,500, with the lien covering a house and lot located in Tarrant County, Texas, with plaintiffs-appellants seeking a foreclosure of such lien. Plaintiffs-appellants also joined in said suit (other than the makers of said note) numerous other defendants (at least two of whom resided in Dallas County, Texas) and one of the defendants Fred S. Dickey was alleged by plaintiffs-appellants to be a resident of Tarrant County, Texas. Plaintiffs-appellants in their pleadings also prayed that the trial court determine the standing of interests, liens and priorities between plaintiffs and the defendants.

Fred S. Dickey, a resident of Tarrant County, Texas, filed a plea of privilege to be sued in Tarrant County, Texas, stating that the suit was one involving title to lands located in Tarrant County, Texas, and that the suit did not come within any of the exceptions provided by law authorizing the suit to be brought or maintained in Dallas County, Texas, or elsewhere outside of Tarrant County, Texas, the county where the said lands were located.

Plaintiffs-appellants filed a controverting affidavit seeking to maintain venue in Dallas County, Texas, under Exceptions 4 and 5 of Art. 1995, Vernon's Ann.Civ. St.

The trial court sustained the plea of privilege filed by Fred S. Dickey and transferred the suit as to him to Tarrant County, Texas, but ordered that the suit as to the other defendants would remain in Dallas County, Texas. Plaintiffs-appellants have appealed.

The evidence showed that on May 31, 1957, (and prior to the creation of the mechanic's lien of November 24, 1959, sued on by plaintiffs-appellants), defendant-appellee Fred S. Dickey conveyed a 45.85 acre tract of land in Tarrant County, Texas, to Ervin W. Atkerson, retaining superior title and a vendor's lien in the amount of $69,000 on said property, which vendor's lien note was further secured by a duly recorded deed of trust and deed of trust lien. This 45.85 acre tract covered the house and lot upon which plaintiffs-appellants secured a subsequent mechanic's lien from defendants Elwyn D. Lane and wife. There is no showing in the record that defendant Dickey was in privity of contract with any of the other parties to the suit, nor that he claimed any lien or title derived under or through any of said parties subsequent to his original conveyance of the 45.85 acre tract (of which the house and lot in question was only a small part) on May 21, 1957.

Appellee's position on appeal is succinctly stated in his brief as follows:

"Appellee has no argument with Appellant that it may maintain suit against the maker of the mechanic's lien note, Elwyn D. Lane and wife, Lucille Lane, and that it may maintain suit therefor in Dallas County, Texas, and stipulated facts necessary to sustain that suit. However, when Appellant chose to join myriad other Defendants including the Appellee in order to sustain venue as to them in Dallas County, Texas, on the basis of Dallas County residence of one or more of said Defendants and attempted to divest the Appellee of his superior title to the land located in Tarrant County, Texas, and attempted to cut off his superior title and prior vendor's lien by such joinder; the Appellee objected in the proper manner by the filing of his Plea of Privilege. This Plea, after the introduction of the facts as appearing in the Statement of Facts, was correctly sustained by the Trial Court."

At the time of the hearing on the plea of privilege plaintiffs-appellants sought a judgment of foreclosure on their mechanic's lien upon the house and lot, which house and lot was a small portion of the

45.85 acres upon which defendant-appellee Dickey held a superior title and prior vendor's lien, and Dickey was not in privity of contract with any of the other parties to the suit, and did not claim under any of them. Under such circumstances, Fred S. Dickey was neither a necessary nor a proper party to any suit by appellant on the mechanic's lien note in question. Shaw v. Allied Finance Company, Tex.Sup., 337 S. W.2d 107.

Plaintiffs-appellants failed to show that Exception 4, 5, or any other exception to Art. 1995, V.A.C.S., was applicable to the suit at bar insofar as the defendant-appellee Dickey was concerned, and the trial court correctly sustained Dickey's plea of privilege. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

The judgment of the trial court is affirmed.