**Nola WHITE, Appellant,**

v.

**George P. KIRKPATRICK, Appellee.**

**No. 6796.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 13, 1966.

Rehearing Denied Feb. 9, 1966.

Keith, Mehaffy & Weber, Beaumont, for appellant.

B. F. Whitworth, Jasper, for appellee.

STEPHENSON, Justice.

This is an appeal from an order granting defendant's plea of privilege. Plaintiff, Nola White, brought this action in Jefferson County against defendant, George P. Kirkpatrick. Defendant filed his plea of privilege to be sued in Tyler County, the county of his residence. Plaintiff relied upon §§ 7 and 9 of Article 1995, Vernon's Ann.Civ.St., in his controverting affidavit. The parties will be referred to here as they were in the trial court.

Plaintiff, an attorney, assisted defendant, also an attorney, in acquiring a mineral interest in land located in Newton County September 15, 1944. It was agreed that plaintiff should have a 10% interest in such minerals for services performed. Plaintiff alleged as fraud that defendant told plaintiff that title to such mineral had failed, that back taxes on such minerals did not warrant pursuing the matter, and that defendant had abandoned the project and led plaintiff to believe that defendant had lost on the transaction. Plaintiff further alleged that defendant continued to recog-

nize his 10% interest in such minerals and continued to promise that if anything ever came of the deal a conveyance of such 10% interest would be made. Plaintiff further alleged as fraud that defendant leased such minerals to various oil companies and received bonuses and delay rentals but concealed this from plaintiff and paid none of the money to plaintiff. Plaintiff alleged that defendant converted this money to his own use and benefit and repudiated his obligation to plaintiff for the first time July 28, 1964. Plaintiff alleged that a constructive trust arose as a matter of law and prayed for a recovery of an undivided 10% interest in such minerals and for an accounting and judgment for a sum equal to 10% of the money received from the leasing of such minerals.

In his controverting affidavit plaintiff alleged: that defendant committed a fraud in Jefferson County, Texas, under § 7, Art. 1995, V.A.C.S.; that defendant violated the provision of Art. 1534 of the Penal Code and did embezzle, fraudulently misapply and convert to his own use, plaintiff's interest in the land and the proceeds of the lease money in Jefferson County, Texas, under § 9, Art. 1995, V.A.C.S.; and, also that such action constituted conversion under the latter subdivision.

 The evidence showed the original transaction occurred as alleged at a time when both plaintiff and defendant resided in Jefferson County. The evidence also showed that defendant was a resident of Tyler County at the time this suit was filed, and had been for some seven years. The evidence showed that defendant first leased such minerals to Continental Oil in 1951 and later to Sun Oil and that some $47,-000.00 had been received from such leases. Defendant alleged and offered evidence to prove that he paid plaintiff $1,000.00 in cash for such mineral interest April 5, 1948. Neither the trial court nor this court could consider such defense in determining the venue questions.

The essence of this action is the recovery of 10% of the minerals involved plus 10% of the money received from leasing the minerals. This is not an action based upon fraud, as the fraud is alleged only as a reason for not having sought the transfer of such 10% mineral interest at an earlier date. Further, there are no allegations and no evidence that any of the statements made upon which plaintiff relies as constituting fraud, were made in Jefferson County, and no allegations and no evidence that the money received by defendant, was received in Jefferson County. Our courts uniformly hold that the dominant purpose of the venue statutes is to give a person who has been sued, the right to defend such suit in the county of his domicile, except under well defined exceptions. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

Affirmed.

PARKER, J., not sitting.